IN THE CIRCUIT COURT IN AND FOR THE SIXTH JUDICIAL CIRCUIT IN AND FOR
PASCO COUNTY, FLORIDA
GENERAL CIVIL DIVISION

PATRICE WOODS,

        Plaintiff,

v.                                              Case No.:

CAVALRY PORTFOLIO SERVICES, LLC

        Defendant.

_____/

## COMPLAINT

Plaintiff Patrice Woods sues Defendant Cavalry Portfolio Services, LLC ("Cavalry"), and alleges the following:

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices ("FCCPA), to 47 U.S.C. §227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*, and seeks more than $15,000 in damages.

2. Plaintiff is a resident of Pasco County. The cause of action arose in Pasco County. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

3. Defendant Cavalry is a foreign limited liability company, together with its collecting agents ("Defendant" or "Cavalry") doing business in the State of Florida, is a "debt collector" as that term is defined by 15. U.S.C. § 1692a(6), a creditor as that term is defined by Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

4. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive and done knowingly with intent, with malice, and without cause.

5. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Plaintiff's will in an attempt to break Plaintiff and have Plaintiff pay amounts owed long after the Plaintiff was given all necessary information and persuasion and negotiation failed, as demonstrated by Plaintiff expressly communicating to the Defendant to stop calling Plaintiff.

6. The Defendant's communications set forth below are wholly without excuse.

7. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Plaintiff.

## FACTUAL ALLEGATIONS

8. Defendant has asserted via Collection Calls that Plaintiff owes it debts (the "Alleged Debt").

9. Defendant made multiple Collection Calls, on multiple days, in multiple weeks, to Plaintiff attempting to collect the Alleged Debt.

10. Defendant made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff would not pay the Alleged Debt.

11. Defendant made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant to stop calling Plaintiff's cell phone.

12. Defendant placed Collection Calls to Plaintiff's mother and discussed Plaintiff's Alleged Debt with Plaintiff's mother, even after Defendant had located Plaintiff and there was no reason to speak to Plaintiff's mother regarding the Alleged Debt.

13. Defendant sent text messages to cell phones used by Plaintiff's minor children on cell phone accounts under Plaintiff's name, demanding that Plaintiff pay the Alleged Debt, even after Defendant had located Plaintiff and there was no reason to communicate with Plaintiff's minor children regarding the Alleged Debt.

14. Defendant threatened to physically go to Plaintiff's place of employment if Plaintiff failed to pay the Alleged Debt.

## COUNT I

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT CAVALRY

15. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

16. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

18. The Alleged Debt is "debt" as defined by Fla. Stat. § 559.55(1).

19. Defendant communicated certain information to Plaintiff, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20. Fla. Stat. § 559.72(7) provides, in pertinent part:

3

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months to Plaintiff attempting to collect the Alleged Debt; (2) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; (3) made Collection Calls to Plaintiff's mother phone; and (4) sent collection text messages, without prior express consent, to Plaintiff's minor children even after Defendant had located Plaintiff; all of which is a willful communication with the Plaintiff with such frequency that Defendant could reasonably expect such communication to harass Plaintiff, or which is a willful engagement by Defendant in other conducting, including violation of the TCPA, which could reasonably expected to abuse or harass Plaintiff.

22. Fla. Stat. § 559.72(9) provides in pertinent part:

> In collecting consumer debts, no person shall:
>
> (9) ...assert the existence of some other legal right when such person knows that the right does not exist.

23. Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months, to Plaintiff attempting to collect the Alleged Debt (2) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; (3) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant to stop calling, (4) made Collection Calls to Plaintiff's mother, (5) sent collection texts to Plaintiff's minor children, and (6) threatened to go

to Plaintiff's place of employment prior to the entry of a final judgment, all of which is an assertion of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA, including Fla. Sta. § 559.72(9), second half.

24. Fla. Stat. § 559.72(4) provides that

> In collecting consumer debts, no person shall:
>
> Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor...

25. Defendant violated Fla. Stat. § 559.72(4) by threatening to go to Plaintiff's place of employment prior to the entry of a final judgment.

26. As a result of the above violations of the FCCPA, Plaintiff has been damaged and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.72(2).

27. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff intends to move for leave to amend this Claim to assert a claim for punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

28. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## **COUNT II**

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.* **AS TO DEFENDANT CAVALRY**

29. This is an action against Defendant for violations of 15 U.S. 1692 *et seq.*

30. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

31. Defendant is a "debt collector" and uses instrumentalities of interstate commerce and the mail in a business which the principal purpose is the collection of debts, and is, therefore, subject to 15 U.S.C. §1692 *et seq.*

32. The Alleged Debt is "debt" as defined by 15 U.S.C. § 1692(b)(5).

33. 15 U.S.C. §1692e provides, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section... (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

34. Defendant violated 15 U.S.C. § 1692e when Defendant (1) made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months to Plaintiff attempting to collect the Alleged Debt; (2) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff could not pay the Alleged Debt; and (3) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant to stop calling; all of which is conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass.

35. 15 U.S.C. § 1692b provides in pertinent part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (2) not state that such consumer owes any debt;
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

36. Defendant violated 15 U.S.C. § 1692b by disclosing the existence of the Alleged Debt to Plaintiff's mother and minor children, and by communicating with them after Defendant had located Plaintiff.

37. As a result of the above violations of the FDCPA, Plaintiff has been damaged and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FDCPA, 15 U.S.C. § 1692l(a).

38. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against the Defendant finding that the Defendant violated the FDCPA, awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692l, and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT III

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT CAVALRY

39. This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

40. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

41. Defendant, in the course of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

42. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call ... using an automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

43. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, to Plaintiff attempting to collect the Alleged Debt; (2) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff would not pay the Alleged Debt; (3) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant to stop calling Plaintiff's cell phone, and (4) sent text messages to Plaintiff's minor children in connection with telephone account on which Plaintiff is the subscriber.

44. Defendant willfully, knowingly, and intentionally made multiple Collection Calls and text messages to Plaintiff's cell phone and Plaintiff's minor children's cell phones utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff.

45. All conditions precedent to this action have occurred, have been satisfied or have been waived.

46. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

47. Based upon the willful, knowing, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Stephen J. Bagge*
Florida Bar Number: 97788
STEPHEN J. BAGGE, P.A.
3902 Henderson
Suite 208-30
Tampa, Florida 33629
Telephone: (813) 250-0511
Facsimile: (813) 250-0511

*Attorney for Plaintiff Patrice Woods*